```
            IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| TADESSE BAYENE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV256 |
| | ) | |
| v. | ) | |
| | ) | |
| FARMLAND FOODS, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his complaint in this matter on July 12, 2010 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 8). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his complaint against one defendant, Farmland Foods, Inc. ("Farmland"), his former employer (Filing No. 1 at CM/ECF pp. 2-3). Plaintiff alleges that he previously pursued employment discrimination claims against Farmland. (*Id.* at CM/ECF p. 2.) In the course of that lawsuit, Farmland's attorney deposed plaintiff.[1] During that deposition, Farmland's attorney asked plaintiff on the record about "a sex scandal," in

---

[1] Except for the reference to plaintiff's deposition during previous litigation, the complaint does not relate to plaintiff's previous claims for employment discrimination against Farmland (Filing No. 1).

which plaintiff allegedly paid a prostitute "$300.00 for sex." (*Id.*) Plaintiff alleges that these questions "smeared [his] name and life" and that he has not been able to get another job because of this "sex scandal." (*Id.* at CM/ECF pp. 2-3.) As a result of Farmland's actions, plaintiff suffered "mental problem [sic] and disability," and is "totaly [sic] dependent on the Government." (*Id.* at CM/ECF p. 3.) Plaintiff seeks "justice," but does not seek any other relief. (*Id.* at CM/ECF p. 3, 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

-2-

defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.[2] For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of

---

[2] Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Although plaintiff vaguely references employment discrimination and "civil rights" violations, even liberally construed, plaintiff does not set forth any allegations supporting such claims, and the Court lacks federal question jurisdiction.

citizenship jurisdiction. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by* *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

At best, plaintiff alleges a state-law claim for defamation. Further, plaintiff alleges that the citizenship of the parties is diverse because he is a citizen of Nebraska and Farmland is a citizen of Missouri (Filing No. 1 at CM/ECF p. 1). However, plaintiff does not allege a sufficient amount in controversy because the only relief he seeks is "justice." (*Id.* at CM/ECF pp. 3, 5.) In light of this, the Court has serious doubts regarding whether it has jurisdiction over this matter. Thus, in accordance with *Trimble*, the Court will require plaintiff to show by a preponderance of the evidence that he seeks more than $75,000.00 in damages, and that the amount

claimed is legitimate.  This matter cannot proceed further until plaintiff does so.  Accordingly,

IT IS ORDERED:

1.   Plaintiff shall have until October 21, 2010, to file sufficient evidence with the Court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount.

2.   The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: October 21, 2010:  deadline for plaintiff to allege and show jurisdictional amount by preponderance of evidence.

DATED this 22nd day of September, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.